**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**


IN RE: ESTATE OF ALFRED E. PLANCE, : No. 114 WAL 2016
JR., DECEASED : 
 : 
 : Petition for Allowance of Appeal from
PETITION OF: JOY PLANCE : the Order of the Superior Court


## ORDER

**PER CURIAM**

    **AND NOW**, this 16th day of August, 2016, the Petition for Allowance of Appeal is

**GRANTED**.  The issues, rephrased for clarity, are:


(1)    When a property owner purports to transfer land to a trust, names himself as trustee, and retains possession of the deed, what is required to deliver the deed and effectuate the conveyance to the trust, and what party bears the burden of proving that the deed was executed and delivered?

(2)    If a property owner effectively conveys land to trust for which he also serves as trustee, and he does not record the deed and retains possession of it, how does the recording statute apply to the property owner's subsequent conveyance of the land, in his individual capacity, to himself and his spouse as tenants by the entireties, when the latter deed is duly recorded and the spouse had no notice of the prior conveyance to the trust, but paid only nominal consideration?

(3)    When the Orphans' Court grants a petition to probate a photocopy of a will, and an opposing party did not respond to the petition or appeal the Orphans' Court's order, but raises a claim regarding the will's revocation as new matter in a responsive pleading during the estate's administration, is the claim barred by the doctrine of *res judicata* or collateral estoppel?